UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA DOSS-CLARK,

    Plaintiff,                                        Case No. 8:06-cv-1760-T-23MAP

vs.

BABIES AND BEYOND PEDIATRICS, P.A.,

    Defendant,
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action on September 25, 2006, against her employer after she was terminated from her job as a triage nurse due to her disability (breast cancer) in violation of the Americans with Disabilities Act ("ADA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). The Defendant failed to answer the complaint and this court awarded a default judgment in favor of Plaintiff in the amount of $133,517.12 and $21,789.50 in attorney's fees (doc. 18). The Defendant now moves to vacate that judgment (doc. 27) and seeks an order staying the proceedings to enforce the judgment (doc. 28).[1] After consideration, I recommend that Defendants' motions be denied for the reasons set forth herein.

*A. Factual background*

Plaintiff, employed by Defendant as a triage nurse for nearly eight years, was terminated in May 2005 because Defendant perceived that her cancer would interfere with her work

---

[1] The district judge referred these matters to me for a report and recommendation pursuant to 28 U.S.C. §636 and local rule 6.01(b). *See* doc. 31.

schedule. She filed a complaint in this Court, and on November 21, 2006, after Defendant failed to timely respond, the Clerk entered a default judgment against Defendant. Thereafter, I conducted an evidentiary hearing pursuant to Fed.R.Civ.P. 55(b)(2) and recommended judgment be entered against Defendant in the amount of $133,517.12 and $21,789.50 in attorney's fees. On May 31, 2007, the district judge adopted my report and recommendation and granted Plaintiff's motion for default judgment.

In an effort to collect on the judgment, Plaintiff served Defendant with a subpoena duces tecum for deposition on July 20, 2007, and served a writ of garnishment on Defendant's bank on July 23, 2007. Despite the fact that Plaintiff mailed the initial notice of the garnishment to Defendant on July 27, 2007, and a second notice on July 31, 2007, Defendant failed to file an appearance in this case or respond to the subpoena or garnishment proceeding until August 17, 2007, when it filed the instant motions. Coincidentally, also on August 17, 2007, a representative from the United States Marshals Office confronted Defendant's president, Dr. Russell Bain, at his residence and took possession of his 2006 Dodge Durango pursuant to the Court's writ of execution. Essentially, by its motions, Defendant claims that the judgment should be vacated because its registered agent sent the Plaintiff's complaint and summons to it via regular U.S. mail, and it was unaware that this action had been filed against it until it was served with Plaintiff's subpoena duces tecum for deposition on July 20, 2007.

*B. Standard of Review*

Fed.R.Civ.P. 55(c) allows a court, in its discretion, to set aside a default judgment for good cause in accordance with Rule 60(b). Hence, the defaulting party must give the court a "good reason" for doing so. *African Methodist Episcopal Church Inc. v. Ward*, 185 F.3d 1201,

1202 (11th Cir. 1999). The court's discretion is not absolute, and in deciding whether a judgment should be set aside the court must consider the competing policies of favoring judgment on the merits against the desirability of finality in the judicial process. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *Griffin v. Swim-Tech Corp.,* 722 F.2d 677 (11th Cir. 1984). A defaulting party may seek to set aside a judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). To establish mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome; 2) the non-defaulting party would not be prejudiced if the judgment were set aside; and 3) a good reason existed for failing to reply to the complaint. *Worldwide Web, supra,* at 1295 (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). With regard to "excusable neglect," the Supreme Court has held that the determination of what constitutes "excusable" neglect is an equitable one, taking into consideration the totality of the circumstances surrounding the party's omission. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

*C. Discussion*

The Rule 60(b)(1) cases in the Eleventh Circuit consistently hold that where internal procedural safeguards are missing, a defendant does not have a "good reason" for failing to respond to a complaint. *Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007). The principle applies to situations where the defendant's registered agent fails to properly or timely inform the defendant that a complaint has been served. For instance, the former Fifth Circuit Court of Appeals denied defendant's motion for relief from judgment when the plaintiff properly served defendant's registered agent who mailed them to the defendant home office, but

the papers were lost in the mail en route from the home office to local counsel and not received by counsel until after entry of default judgment.[2] *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975). The *Baez* court reasoned that the postal service cannot be burdened with the full blame because "rather minimal procedural safeguards could and should have been established which would have prevented this loss." *Id.* at 350.

More recently, in *Gibbs v. Air Canada*, 810 F.2d 1529 (11th Cir. 1987), the Eleventh Circuit denied a defendant's motion to set aside judgment with regard to liability because it found defendant's failure to answer the complaint was caused by its lack of minimum procedural safeguards. In that case, the plaintiff served defendant's personnel and administration manager who telephoned the company's solicitor in charge of litigation. Because the solicitor was out of the office, the manager left him a message, but when the solicitor failed to return his call, the manager never followed up and failed to verify that the solicitor received the complaint that he had mailed via interoffice mail. *See also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys. Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (attorney's negligent failure to respond to a motion does not constitute excusable neglect); *National R.R. Passenger Corp. v. Patco Transport, Inc.*. 128 Fed. Appx. 93 (11th Cir. 2005) (where defendant did not follow up with its insurance company to inquire whether it received the complaint and whether it was pursuing the complaint showed a lack of minimal procedural safeguards for responding to complaints in a legal action and did not constitute excusable neglect); *Drywall Phelps Constr. Co. v. Drywall Systems Inc. Of*

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

*S. Fla.,* 2007 WL 2433839 (S.D. Fla. Aug. 22, 2007) (denying motion to vacate where defendant failed to show evidence to establish that it had any minimum procedural safeguards in place or that any procedural safeguards were violated by its registered agent who delayed forwarding complaint to defendant's offices and failed to inform it about the contents or significance of the complaint).

In this case, Defendant filed only one affidavit in support of its motion to vacate the judgment, the affidavit of Robert Stopler, administrator for Babies and Beyond Pediatrics, P.A. Stopler's affidavit explains that he is the one responsible for addressing Defendant's legal matters, including reviewing lawsuits. He states he was personally unaware of this lawsuit until July 20, 2007, approximately nine months after Plaintiff filed it. doc. 27-2, pp. 1-2. While Stopler's affidavit indicates that George Klimis was the Defendant's registered agent at the time Plaintiff served its complaint, it is void of any details surrounding Klimis's forwarding of the complaint to Defendant and Defendant's internal procedural safeguards to ensure it timely receives and responds to legal complaints. The Defendant also neglects to address, by Stopler's affidavit or otherwise, whether other individuals in Defendant's corporation received the Plaintiff's complaint mailed via U.S. Mail from Klimis, or had any knowledge of the complaint or the lawsuit before Stopler did. Finally, Stopler alleges Defendant "diligently moved to set aside the default judgment" in his affidavit, but the facts show that he learned of this lawsuit on July 20, 2007, when Defendant was served with Plaintiff's subpoena duces tecum, and of the judgment against Defendant on July 24, 2007, but did not file a notice of appearance or take any court action until August 17, 2007 (the date Dr. Bain's car was impounded).

Klimis, a corporate attorney who serves as registered agent for more than two hundred client corporations, testified during a deposition on September 14, 2007, that as soon as practical, either the same day or next day after being served with a complaint, his office staff telephones the client and mails the client the complaint and summons along with a cover letter explaining that a lawsuit has been filed against it.[3] In this case, Klimis's records show that the Plaintiff served him with the complaint as Defendant's registered agent on October 5, 2006, at 1:40 p.m. The next day Klimis mailed the complaint and summons with a cover letter via U.S. Mail to Dr. Russell Bain, President of Babies and Beyond, 5132 U.S. 19 North, New Port Richey advising that he had been served with a summons in a civil case by Barbara Doss-Clark, that he has twenty days to respond, that Klimis does not handle legal matters of this type, and that he recommends Bain seek counsel to handle this matter.[4] *See* exhibit 1 to doc. 37-2. A handwritten notation, "called first, 10/6/06, MW," on Klimis's file copy of the letter to Dr. Bain indicates that Marianne Weaver, Klimis's sister who has worked as his secretary for ten years, called Defendant on October 6 before sending the letter to Defendant. Klimis testified that his standard office procedure would have been for Weaver to inform Defendant that "we have received a summons. It's going to be sent to you. You need to take care of it. We don't do that. You

---

[3] Because Plaintiff had unanswered questions concerning Defendant's internal procedures and how it learned about this lawsuit after receiving Defendant's motion to vacate and reviewing Stopler's affidavit, she scheduled Klimis' deposition. Both parties filed supplemental memoranda regarding the Klimis' deposition (docs. 32 and 33).

[4] Klimis testified that the letter was mistakenly dated October 6, 2007, instead of October 6, 2006. doc. 37-2, p. 16.

should be getting it very soon." doc. 37-2. pp. 16-28 and exhibit 1. Klimis noted the Defendant's mail was not returned. doc. 37-2, p. 32.

"Time matters when one seeks to set aside a default, and in analyzing whether a defaulting defendant has shown good reason for failing to timely respond, it is important to know exactly when certain actions were taken, and what delays existed before or after those actions." *Sloss*, 488 F.3d at 935 (denying defendant's motion to set aside judgment filed over three and a half months after it was served with process and over one month after default judgment was entered). Lack of detail is fatal to a rule 60(b)(1) motion. As in *Sloss*, I find Stopler's affidavit "simply insufficient" and conclude Defendant did not have appropriate internal procedural safeguards in place to ensure its interests were being protected and has not shown good cause under Rule 60(b)(1) for failing to respond to Plaintiff's complaint. *Id.* at 935-36.

Defendant's late attempt to establish through Klimis's testimony that it never received the summons and complaint does not help. It is Defendant's own responsibility, not the registered agent's, to have in place internal procedural safeguards ensuring that mail is received and responded to appropriately once the registered agent communicates to Defendant that a summons and complaint are served. Defendant cannot shirk its responsibility to ensure that its own interests are protected by foisting them onto the registered agent.[5] Klimis testified that he

---

[5] Defendant suggests that Klimis should have followed up to ensure that it received his October 6 letter because it had had "prior communication problems" with Klimis. Upon review, however, it seems that the problems causing the default in this action are consistent with Defendant's previous problems with Klimis's office and with Plaintiff. Klimis testified that on several occasions Defendant had failed to respond to mailings from him concerning annual reports and paperwork due to the State of Florida, but that he did not know whether the

has served as registered agent for about two hundred corporations for a period of twenty years, has been served with numerous complaints, and is not aware of any other cases where a default judgment has been entered against one of his clients. doc. 37-2, p. 86.

Plaintiff also asserts that Defendant failed to satisfy the second and third prongs of the test for establishing excusable neglect because it did not establish a meritorious defense that might have affected the outcome or that granting the motion would not result in prejudice to the Plaintiff. Because I find that Defendant failed to establish good cause for its default, I need not address these arguments.[6]

Accordingly, I find that the Defendant failed to establish excusable neglect. It is

RECOMMENDED:

1. That Defendant's motion for relief from judgment (doc. 27) be DENIED.

2. That Defendant's motion for stay of proceedings to enforce judgment (doc. 28) be

---

Defendant did not receive the mailings, lost them, or did not understand their significance. One time, Defendant's failure to respond resulted in the dissolution of its corporate status. doc. 37-2, pp. 54-56. Similarly, Defendant failed to respond to Plaintiff's COBRA request and claimed it did not receive it, and failed to respond to telephone calls from the United States Department of Labor. Furthermore, as Plaintiff states in her memorandum of law, Defendant was on notice that this instant action was "likely and imminent" since the Tampa District EEOC Office mailed a Notice of Right to Sue to Stopler at the Defendant's New Port Richey address on September 13, 2006, granting Plaintiff ninety days to bring suit against Defendant. doc. 37, n. 2.

[6] I note, however, that Defendant did not address the prejudice to Plaintiff if the judgment is vacated, and hence, failed to meet its burden on this element.

8

DENIED.

IT IS SO REPORTED in Chambers, Tampa, Florida this 5th day of October, 2007.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon ground of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982)(en banc).